**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| QUARK IMAGES LLC, | Case No. |
| Plaintiff, | |
| v. | **JURY TRIAL DEMANDED** |
| ADIDAS AG;<br>ADIDAS AMERICA, INC.;<br>ADIDAS INTERNATIONAL, INC.;<br>AMERICA FIRST FEDERAL CREDIT UNION;<br>BBVA COMPASS BANCSHARES, INC.;<br>BANCO BILBAO VIZCAYA ARGENTARIA S.A.;<br>BBVA USA BANCSHARES, INC.;<br>BAYERISCHE MOTOREN WERKE AG;<br>BMW BANK OF NORTH AMERICA;<br>BMW FINANCIAL SERVICES NA, L.L.C.;<br>CAPITAL ONE FINANCIAL CORPORATION;<br>CAPITAL ONE, NATIONAL ASSOCIATION;<br>CAPITAL ONE SERVICES, L.L.C.;<br>CARDLAB, INC.;<br>DISCOVER FINANCIAL SERVICES, L.L.C.;<br>HALLMARK CARDS, INC.;<br>MARS, INC.;<br>NIKE, INC.;<br>OAKLEY, INC.;<br>PAYJR, INC.;<br>POLO RALPH LAUREN CORPORATION;<br>RALPH LAUREN MEDIA, L.L.C;<br>REEBOK INTERNATIONAL;<br>SERVERSIDE GROUP, LTD.;<br>SHORELINE BUSINESS SOLUTIONS, INC.;<br>SOLE TECHNOLOGY;<br>THE TOPPS COMPANY, INC.;<br>WESCOM CREDIT UNION;<br>ZIONS BANCORPORATION;<br>ZIONS FIRST NATIONAL BANK,<br><br>Defendants. | |

## COMPLAINT FOR PATENT INFRINGEMENT

1.      This is an action for patent infringement in which Quark Images, L.L.C. ("Quark Images" or "Plaintiff") makes the following allegations against Adidas AG; Adidas America, Inc.; Adidas International, Inc.; America First Federal Credit Union; BBVA Compass Bancshares, Inc.; Banco Bilbao Vizcaya Argentaria S.A.; BBVA USA Bancshares, Inc.; Bayerische Motoren Werke AG; BMW Bank of North America; BMW Financial Services NA, L.L.C.; Capital One Financial Corporation; Capital One, National Association; Capital One Services, L.L.C.; CardLab, Inc.; Discover Financial Services, L.L.C.; Hallmark Cards, Inc.; Mars, Inc.; Nike, Inc.; Oakley, Inc.; PAYjr, Inc.; Polo Ralph Lauren Corporation; Ralph Lauren Media, L.L.C.; Reebok International; Serverside Group, LTD.; Shoreline Business Solutions, Inc.; Sole Technology; The Topps Company, Inc.; Wescom Credit Union; Zions Bancorporation; and Zions First National Bank.

## PARTIES

2.       Plaintiff Quark Images is a Texas corporation with its principal place of business at 430 North Center Street, Ste. 109, Longview, Texas, 75601.

3.      On information and belief, Defendant Adidas AG ("Adidas AG") is a German corporation with its principal place of business at Adi-Dassler-Strasse 1 Herzogenaurach, Bavaria 97014, Germany.  On information and belief, Adidas AG may be served at Adi-Dassler-Strasse 1 Herzogenaurach, Bavaria 97014, Germany, via an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process.

4.     On information and belief, Defendant Adidas America, Inc. ("Adidas America") is an Oregon corporation with its principal place of business at 5055 N. Greeley Ave., Portland, OR 97217-3524. Defendant Adidas America may be served with process via its registered agent, CT Corporation System, 350 N. Saint Paul St., Ste. 2900, Dallas, TX 75201-4234.

5.     On information and belief, Defendant Adidas International, Inc. ("Adidas International") is an Oregon corporation with its principal place of business at 5055 N. Greeley Ave., Portland, OR 97217-3524.  Defendant Adidas International may be served with process via its registered agent, DWT Oregon Corp., 1300 SW 5th Ave., Ste. 2300, Portland, OR 97201-5630.

6.     On information and belief, Defendant America First Federal Credit Union ("America First") is a Utah corporation with its principal place of business at 1344 W. 4675 S., Riverdale, UT 84405. On information and belief, Defendant America First may be served at 1344 W. 4675 S., Riverdale, UT 84405, via an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process.

7.     On information and belief, Defendant BBVA Compass Bancshares, Inc. ("Compass Bank") is an Alabama corporation with its principal place of business at 15 S. 20th St., Birmingham, AL 35296-0001.  Defendant Compass may be served with process via its registered agent, Jerry W. Powell, 15 S. 20th St., Birmingham, AL 35296-0001.

8.     On information and belief, Banco Bilbao Vizcaya Argentaria, S.A. ("BBVA Group") is a Spanish corporation with its principal place of business at Plaza de San Nicolás, 4 Bilbao, Vizcaya 48005, Spain. On information and belief, Defendant

BBVA Group may be served at Plaza de San Nicolás, 4 Bilbao, Vizcaya 48005, Spain. via an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process.

9.     On information and belief, Defendant BBVA USA Bancshares, Inc. ("BBVA USA") is a Texas corporation with its principal place of business at 2001 Kirby Drive, Ste. 661, Houston, TX 77019.   Defendant BBVA USA may be served with process via its registered agent, CT Corporation System, 350 N. Saint Paul St., Ste. 2900, Dallas, TX 75201-4234.

10.     On information and belief, Defendant Bayerische Motoren Werke AG ("BMW AG") is a German corporation with its principal place of business at Petuelring 130, Munich, D-80788, Germany.  On information and belief, Defendant BMW AG may be served at Petuelring 130, Munich, D-80788, Germany, via an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process.

11.     On information and belief, Defendant BMW Bank of North America ("BMW Bank") is a Utah corporation with its principle place of business at 2735 Parleys Way, Ste. 301, Salt Lake City, UT 84109-1666. Defendant BMW Bank may be served with process at 2735 Parleys Way, Ste. 301, Salt Lake City, UT 84109-1666, via an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process.

12.     On information and belief, Defendant BMW Financial Services NA, LLC ("BMW Financial") is a Delaware corporation with its principle place of business at 300 Chestnut Ridge Rd., Woodcliff Lake, NJ 07677-7739.  Defendant BMW Financial may

be served with process via its registered agent, CT Corporation System, 350 N. Saint Paul St., Ste. 2900, Dallas, TX 75201-4234.

13.     On information and belief, Defendant Capital One Financial Corporation is a Delaware corporation with its principle place of business at 1680 Capital One Dr., McLean, VA 22102-3407.  Defendant Capital One Financial Corporation may be served with process via its registered agent, Corporation Service Company, P.O. Box 1643 Richmond, VA 23218-1463.

14.     On information and belief, Defendant Capital One, National Association ("Capital One NA") is a Louisiana corporation with its principal place of business at 1680 Capital One Dr., McLean, VA 22102-3407. Capital One NA may be served with process via its registered agent, Corporation Service Company d.b.a. CSC-Lawyers Incorporating Service Co., 211 E. 7th St., Ste. 620, Austin, TX 78701-3334.

15.     On information and belief, Defendant Capital One Services, L.L.C. ("Capital One Services") is a Delaware corporation with its principal place of business at 1680 Capital One Dr., McLean, VA 22102-3407. Capital One may be served with process via its registered agent, Corporation Service Company d.b.a. CSC-Lawyers Incorporating Service Co., 211 E. 7th St., Ste. 620, Austin, TX 78701-3334.

16.     On information and belief, Defendant CardLab, Inc. ("CardLab") is a Delaware corporation with its principal place of business at 1701 W. NorthWest Hwy, Ste. 100, Grapevine, TX 76051. CardLab may be served with process via its registered agent, David S. Jones, 1760 Latana Lane, Frisco, TX 75034-8334.

17.     On information and belief, Defendant Discover Financial Services, L.L.C. ("Discover") is a Delaware corporation with its principal place of business at 2500 Lake

Cook Rd. # BB3S, Riverwoods, IL 60015-1838. Defendant Discover may be served with process via its registered agent, CT Corporation System, 350 N. Saint Paul St., Ste. 2900, Dallas, TX 75201-4234.

18.     On information and belief, Defendant Hallmark Cards, Inc.  ("Hallmark") is a Missouri corporation with its principal place of business at 2501 McGee Trafficway, Kansas City, MO 64141. Defendant Hallmark may be served with process via its registered agent, Vickie Young, P.O. Box 419479, Kansas City, MO 64141.

19.     On information and belief, Defendant Mars, Inc. ("Mars") is a Delaware corporation with its principal place of business at 100 International Dr., Budd Lake, NJ 07828-1383.  Defendant Mars may be served with process via its registered agent, CT Corporation System, 350 N. Saint Paul St., Ste. 2900, Dallas, TX 75201-4234.

20.     On information and belief, Defendant Nike, Inc. ("Nike") is an Oregon corporation with its principal place of business at One Bowerman Dr., Beaverton, OR 97005. Defendant Nike may be served with process via its registered agent, National Registered Agents, Inc., 16055 Space Center Blvd., Ste. 235, Houston, TX 77062-6212.

21.     On information and belief, Defendant Oakley, Inc. ("Oakley") is a Washington corporation with its principal place of business at 1 Icon, Foothill Ranch, CA 92610-3000. Defendant Oakley may be served with process via its registered agent, National Registered Agents, Inc., 16055 Space Center Blvd., Ste. 235, Houston, TX 77062-6212.

22.     On information and belief, Defendant PAYjr, Inc. ("PAYjr") is a Delaware corporation with its principal place of business at 2591 Dallas Pkwy, Ste. 180,

Frisco, TX 75034-8542. Defendant PAYjr may be served with process via its registered agent, David S. Jones, 1760 Latana Lane, Frisco, TX 75034-8334.

23.     On information and belief, Defendant Polo Ralph Lauren Corporation ("Polo") is a Delaware corporation with its principal place of business at 650 Madison Avenue, New York, NY 10022.  Defendant Polo may be served with process at via its registered agent, Corporation Service Company at 211 E. 7th St., Austin, TX 78701-3334.

24.     On information and belief, Defendant Ralph Lauren Media, L.L.C. ("Ralph Lauren") is a Delaware corporation with its principal place of business at 625 Madison Avenue, New York, NY 10022, United States. Defendant Ralph Lauren may be served with process via its registered agent, Corporation Service Company, 80 State St., Albany, NY 12707-2543.

25.     On information and belief, Defendant Reebok International Ltd. ("Reebok") is a Massachusetts corporation with its principal place of business at 1895 JW Foster Blvd., Canton, MA 02021. Defendant Reebok may be served with process via its registered agent, Corporation Service Company d.b.a. CSC-Lawyers Incorporating Service Co., 211 E. 7th St., Ste. 620, Austin, TX 78701-3334.

26.     On information and belief, Defendant Serverside Group, Limited ("Serverside") is an English corporation with its principle U.S. place of business at 37th West 20th St., Ste. 809, New York, NY 10011.  On information and belief, Defendant Serverside may be served at 37th West 20th St., Ste. 809, New York, NY 10011, via an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process.

27.     On information and belief, Defendant Shoreline Business Solutions, Inc. ("Shoreline") is a Connecticut corporation with its principle place of business at 816 Middle Rd., East Greenwich, RI 02818-1807.  Defendant Shoreline may be served with process via its registered agent, Jeffrey R. Cammans, 816 Middle Rd., East Greenwich, RI 02818-1807.

28.     On information and belief, Defendant Sole Technology ("Sole Technology") is a California corporation with its principal place of business at 20161 Windrow Dr., Lake Forest, CA 92630. Defendant Sole Technology may be served with process via its registered agent, Pierre Andre Senizergues, 20161 Windrow Dr., Lake Forest, CA 92630.

29.     On information and belief, Defendant The Topps Company, Inc. ("Topps") is a Delaware corporation with its principal place of business at 1 Whitehall St. New York, NY 10004. On information and belief, Defendant Topps may be served at 1 Whitehall St. New York, NY 10004 via an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process.

30.     On information and belief, Defendant Wescom Credit Union ("Wescom") is a California corporation with its principal place of business at 123 S. Marengo Ave., Pasadena, CA 91101-2428.  Defendant Wescom may be served with process via its registered agent, Christine Cortez, 14141 Southwest Fwy, Sugarland, TX 77478-3470.

31.     On information and belief, Defendant Zions Bancorporation is a Utah corporation with its principal place of business at 1 S. Main St., Ste. 1380, Salt Lake City, UT 84111-1904.  Defendant Zions Bancorporation may be served with process via its

registered agent, Corporation Service Company, 10 E. South Temple, Ste. 900, Salt Lake City, Utah 84133-1115.

32.     On information and belief, Defendant Zions First National Bank ("Zions Bank") is a Utah corporation with its principal place of business at 1 S. Main St., Salt Lake City, UT 84111.  Defendant Zions Bank may be served with process at 1 S. Main St., Salt Lake City, UT 84111 via an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process.

## JURISDICTION AND VENUE

33.     This action arises under the patent laws of the Untied States, Title 35 of the United States Code.  This court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

34.     Venue is proper in this district under 28 U.S.C. §§ 1391(c) and 1400(b). On information and belief, Defendants have transacted business in this district, and have committed and/or induced acts of patent infringement in this district.

35.     On information and belief, Defendants are subject to this court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 6,493,677

36.     Plaintiff is the owner by assignment of United States Patent No. 6,493,677 ("the '677 Patent") entitled "Method and Apparatus for Creating and Ordering

Customized Branded Merchandise Over a Computer Network" – including all rights to recover for past and future acts of infringement. The '677 Patent issued on December 10, 2002. A true and correct copy of the '677 Patent is attached as Exhibit A.

37.     On information and belief, Adidas AG, Adidas America and Adidas International (collectively "Adidas") have been and now are directly infringing the '677 Patent in this judicial district, and elsewhere in the United States.   Infringements by Adidas include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, a method and system for creating and providing customized branded merchandise over a computer network, including at least at the www.miadidas.com website, infringing one or more claims of the '677 Patent.  Upon information and belief, Adidas maintains its website for customer use to enable them to create customized, branded merchandise, such as shoes.  By making, using, importing, offering for sale, and/or selling its customized and branded shoes created through its website, and all like systems and methods that are covered by one or more claims of the '677 patent, Adidas is thus liable for infringement of the '677 Patent pursuant to 35 U.S.C. § 271(a).

38.     On information and belief, America First has been and now is directly infringing the '677 Patent in this judicial district, and elsewhere in the United States. Infringements by America First include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, a method and system for creating and providing customized branded merchandise over a computer network, including at least the www.americafirst.com website, infringing one or more claims of the '677 Patent.  Upon information and belief, America First maintains

its website for customer use to enable them to create customized, branded merchandise, such as credit cards.   By making, using, importing, offering for sale, and/or selling its customized and branded credit cards created through its website, and all like systems and methods that are covered by one or more claims of the '677 patent, America First is thus liable for infringement of the '677 Patent pursuant to 35 U.S.C. § 271(a).

39.     On information and belief, BBVA USA, Compass Bank and BBVA Group (collectively "BBVA") have been and now are directly infringing the '677 Patent in this judicial district, and elsewhere in the United States.  Infringements by BBVA include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, a method and system for creating and providing customized branded merchandise over a computer network, including at least the www.bbvacompass.com website, infringing one or more claims of the '677 Patent. Upon information and belief, BBVA maintains its website for customer use to enable them to create customized, branded merchandise, such as check cards.  By making, using, importing, offering for sale, and/or selling its customized and branded check cards created through its website, and all like systems and methods that are covered by one or more claims of the '677 patent, BBVA is thus liable for infringement of the '677 Patent pursuant to 35 U.S.C. § 271(a).

40.     On information and belief, BMW AG, BMW Bank and BMW Financial (collectively "BMW") have been and now are directly infringing the '677 Patent in this judicial district, and elsewhere in the United States.  Infringements by BMW include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, a method and system for creating and

providing customized branded merchandise over a computer network, including at least the www.4myminicard.com website, infringing one or more claims of the '677 Patent. Upon information and belief, BMW maintains its website for customer use to enable them to create customized, branded merchandise, such as credit cards. By making, using, importing, offering for sale, and/or selling its customized and branded credit cards created through its website, and all like systems and methods that are covered by one or more claims of the '677 patent, BMW is thus liable for infringement of the '677 Patent pursuant to 35 U.S.C. § 271(a).

41.     On information and belief, Capital One Financial Corporation, Capital One NA, and Capital One Services (collectively "Capital One") have been and now are directly infringing the '677 Patent in this judicial district, and elsewhere in the United States. Infringements by Capital One include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, a method and system for creating and providing customized, branded merchandise over a computer network, including at least the www.cardlabconnect.com website, infringing one or more claims of the '677 Patent. Upon information and belief, Capital One maintains its website for customer use to enable them to create customized, branded merchandise, such as credit cards. By making, using, importing, offering for sale, and/or selling its customized and branded credit cards created through its website, and all like systems and methods that are covered by one or more claims of the '677 patent, Capital One is thus liable for infringement of the '677 Patent pursuant to 35 U.S.C. § 271(a).

42.     On information and belief, CardLab has been and now is directly infringing the '677 Patent in this judicial district, and elsewhere in the United States.

12

Infringements by CardLab include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, a method and system for creating and providing customized branded merchandise over a computer network, including at least the www.giftcardlab.com website, infringing one or more claims of the '677 Patent.  Upon information and belief, CardLab maintains its website for customer use to enable them to create customized, branded merchandise, such as gift cards.  By making, using, importing, offering for sale, and/or selling its customized and branded gift cards created through its website, and all like systems and methods that are covered by one or more claims of the '677 patent, CardLab is thus liable for infringement of the '677 Patent pursuant to 35 U.S.C. § 271(a).

43.     On information and belief, Discover has been and now is directly infringing the '677 Patent in this judicial district, and elsewhere in the United States. Infringements by Discover include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, a method and system for creating and providing customized branded merchandise over a computer network, including at least the www.novusgiftcard.com and www.discovercard.com websites, infringing one or more claims of the '677 Patent.  Upon information and belief, Discover maintains its website for customer use to enable them to create customized, branded merchandise, such as credit cards.  By making, using, importing, offering for sale, and/or selling its customized and branded credit cards created through its website, and all like systems and methods that are covered by one or more claims of the '677 patent, Discover is thus liable for infringement of the '677 Patent pursuant to 35 U.S.C. § 271(a).

44.     On information and belief, Hallmark has been and now is directly infringing the '677 Patent in this judicial district, and elsewhere in the United States. Infringements by Hallmark include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, a method and system for creating and providing customized branded merchandise over a computer network, including at least the www.hallmark.com website, infringing one or more claims of the '677 Patent.  Upon information and belief, Hallmark maintains its website for customer use to enable them to create customized, branded merchandise, such as greeting cards.   By making, using, importing, offering for sale, and/or selling its customized and branded greeting cards created through its website, and all like systems and methods that are covered by one or more claims of the '677 Patent, Hallmark is thus liable for infringement of the '677 Patent pursuant to 35 U.S.C. § 271(a).

45.     On information and belief, Mars has been and now is directly infringing the '677 Patent in this judicial district, and elsewhere in the United States.  Infringements by Mars include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, a method and system for creating and providing customized branded merchandise over a computer network, including at least the www.mymms.com website, infringing one or more claims of the '677 Patent.  Upon information and belief, Mars maintains its website for customer use to enable them to create customized, branded merchandise, such as M&M's.  By making, using, importing, offering for sale, and/or selling its customized and branded M&M's created through its website, and all like systems and methods that are covered by one or

more claims of the '677 patent, Mars is thus liable for infringement of the '677 Patent pursuant to 35 U.S.C. § 271(a).

46.     On information and belief, Nike has been and now is directly infringing the '677 Patent in this judicial district, and elsewhere in the United States.  Infringements by Nike include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, a method and system for creating and providing customized branded merchandise over a computer network, including at least the www.nikeid.nike.com website, infringing one or more claims of the '677 Patent.  Upon information and belief, Nike maintains its website for direct customer use to enable them to create customized, branded merchandise, such as shoes.  By making, using, importing, offering for sale, and/or selling its customized and branded shoes created through its website, and all like systems and methods that are covered by one or more claims of the '677 patent, Nike is thus liable for infringement of the '677 Patent pursuant to 35 U.S.C. § 271(a).

47.     On information and belief, Oakley has been and now is directly infringing the '677 Patent in this judicial district, and elsewhere in the United States.  Infringements by Oakley include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, a method and system for creating and providing customized branded merchandise over a computer network, including at least the www.oakley.com website, infringing one or more claims of the '677 Patent.  Upon information and belief, Oakley maintains its website for direct customer use to enable them to create customized, branded merchandise, such as sunglasses.  By making, using, importing, offering for sale, and/or selling its customized and branded

sunglasses created through its website, and all like systems and methods that are covered by one or more claims of the '677 patent, Oakley is thus liable for infringement of the '677 Patent pursuant to 35 U.S.C. § 271(a).

48.     On information and belief, PAYjr and CardLab (collectively "PAYjr") have been and now are directly infringing the '677 Patent in this judicial district, and elsewhere in the United States.  Infringements by PAYjr include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, a method and system for creating and providing customized branded merchandise over a computer network, including at least the www.payjr.com website and the www.buxx.com website, infringing one or more claims of the '677 Patent.  Upon information and belief, PAYjr maintains its website for direct customer use to enable them to create customized, branded merchandise, such as debit cards.  By making, using, importing, offering for sale, and/or selling its customized and branded debit cards created through its websites, and all like systems and methods that are covered by one or more claims of the '677 patent, PAYjr is thus liable for infringement of the '677 Patent pursuant to 35 U.S.C. § 271(a).

49.     On information and belief, Ralph Lauren and Polo have been and now are directly infringing the '677 Patent in this judicial district, and elsewhere in the United States.  Infringements by Ralph Lauren and Polo include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, a method and system for creating and providing customized branded merchandise over a computer network, including at least the www.ralphlauren.com website, infringing one or more claims of the '677 Patent.  Upon information and belief,

Ralph Lauren and Polo maintain its website for direct customer use to enable them to create customized, branded merchandise, such as polo shirts.  By making, using, importing, offering for sale, and/or selling its customized and branded polo shirts created through its website, and all like systems and methods that are covered by one or more claims of the '677 patent, Ralph Lauren and Polo are thus liable for infringement of the '677 Patent pursuant to 35 U.S.C. § 271(a).

50.     On information and belief, Reebok and Adidas AG (collectively "Reebok") have been and now are directly infringing the '677 Patent in this judicial district, and elsewhere in the United States.  Infringements by Reebok include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, a method and system for creating and providing customized branded merchandise over a computer network, including at least the www.reebok.com website, infringing one or more claims of the '677 Patent.  Upon information and belief, Reebok maintains its website for direct customer use to enable them to create customized, branded merchandise, such as shoes.  By making, using, importing, offering for sale, and/or selling its customized and branded shoes created through its website, and all like systems and methods that are covered by one or more claims of the '677 patent, Reebok is thus liable for infringement of the '677 Patent pursuant to 35 U.S.C. § 271(a).

51.     On information and belief, Serverside is contributing to the infringement by others of the '677 Patent in this judicial district, and elsewhere in the United States.  It is alleged that Serverside has contributed to the infringement of the '677 Patent by making, using, offering for sale and selling software to its customers that is specially

adapted for making customized and branded credit cards.  Upon information and belief, Serverside offers its products and services through its www.ssgl.com website.  Further, Serverside sells its software to makers of customized and branded credit cards knowing that the software is especially made or especially adapted using a method that infringes the '677 Patent, and which does not have a substantial non-infringing use.  By making, using, importing, offering for sale, and/or selling its software that assists in the making of customized and branded credit cards that are covered by one or more claims of the '677 patent, Serverside is thus liable for infringement of the '677 Patent pursuant to 35 U.S.C. § 271(c).

52.    On information and belief, Shoreline is contributing to the infringement by others of the '677 Patent in this judicial district, and elsewhere in the United States.  It is alleged that Shoreline has contributed to the infringement of the '677 Patent by making, using, offering for sale and selling software to its customers that is specially adapted for making customized and branded credit cards.  Upon information and belief, Shoreline offers its products and services through its www.shoreline-solutions.com website. Further, Shoreline sells its software to makers of customized and branded credit cards knowing that the software is especially made or especially adapted using a method that infringes the '677 Patent, and which does not have a substantial non-infringing use.  By making, using, importing, offering for sale, and/or selling its software that assists in the making of customized and branded credit cards that are covered by one or more claims of the '677 patent, Shoreline is thus liable for infringement of the '677 Patent pursuant to 35 U.S.C. § 271(c).

53.    On information and belief, Sole Technology has been and now is directly infringing the '677 Patent in this judicial district, and elsewhere in the United States. Infringements by Sole Technology include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, a method and system for creating and providing customized branded merchandise over a computer network, including at least the www.etnies.com website, infringing one or more claims of the '677 Patent. Upon information and belief, Sole Technology maintains its website for direct customer use to enable them to create customized, branded merchandise, such as shoes. By making, using, importing, offering for sale, and/or selling its customized and branded shoes created through its website, and all like systems and methods that are covered by one or more claims of the '677 patent, Sole Technology is thus liable for infringement of the '677 Patent pursuant to 35 U.S.C. § 271(a).

54.    On information and belief, Topps has been and now is directly infringing the '677 Patent in this judicial district, and elsewhere in the United States. Infringements by Topps include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, a method and system for creating and providing customized branded merchandise over a computer network, including at least the www.topps.mytradingcards.com website, infringing one or more claims of the '677 Patent. Upon information and belief, Topps maintains its website for direct customer use to enable them to create customized, branded merchandise, such as trading cards. By making, using, importing, offering for sale, and/or selling its customized and branded trading cards created through its website, and all like systems

and methods that are covered by one or more claims of the '677 patent, Topps is thus liable for infringement of the '677 Patent pursuant to 35 U.S.C. § 271(a).

55.   On information and belief, Wescom has been and now is directly infringing the '677 Patent in this judicial district, and elsewhere in the United States. Infringements by Wescom include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, a method and system for creating and providing customized branded merchandise over a computer network, including at least the www.wescom.org website, infringing one or more claims of the '677 Patent.  Upon information and belief, Wescom maintains its website for direct customer use to enable them to create customized, branded merchandise, such as credit cards.  By making, using, importing, offering for sale, and/or selling its customized and branded credit cards created through its website, and all like systems and methods that are covered by one or more claims of the '677 patent, Wescom is thus liable for infringement of the '677 Patent pursuant to 35 U.S.C. § 271(a).

56.   On information and belief, Zions Bancorporation and Zions Bank (collectively "Zions") have been and now are directly infringing the '677 Patent in this judicial district, and elsewhere in the United States.  Infringements by Zions include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, a method and system for creating and providing customized branded merchandise over a computer network, including at least the www.zionsbank.com website, infringing one or more claims of the '677 Patent. Upon information and belief, Zions maintains its website for direct customer use to enable them to create customized, branded merchandise, such as credit cards.  By

making, using, importing, offering for sale, and/or selling its customized and branded

credit cards created through its website, and all like systems and methods that are covered

by one or more claims of the '677 patent, Zions is thus liable for infringement of the '677

Patent pursuant to 35 U.S.C. § 271(a).

## COUNT II
## INFRINGEMENT OF U.S. PATENT NO. 6,845,365

57.     Plaintiff is the owner by assignment of United States Patent No. 6,845,365

("the '365 Patent") entitled "Method and Apparatus for Creating and Ordering

Customized Branded Merchandise Over a Computer Network" – including all rights to

recover for past and future acts of infringement. The '365 Patent issued on January 18,

2005.  A true and correct copy of the '365 Patent is attached as Exhibit B.

58.     On information and belief, Adidas AG, Adidas America and Adidas

International (collectively "Adidas") have been and now are directly infringing the '365

Patent in this judicial district, and elsewhere in the United States.  Infringements by

Adidas include, without limitation, making, using, offering for sale, and/or selling within

the United States, and/or importing into the United States, a method and system for

creating and providing customized branded merchandise over a computer network,

including at least the www.miadidas.com website, infringing one or more claims of the

'365 Patent.  Upon information and belief, Adidas maintains its website for direct

customer use to enable them to create customized, branded merchandise, such as shoes.

By making, using, importing, offering for sale, and/or selling its customized and branded

shoes created through its website, and all like systems and methods that are covered by

one or more claims of the '365 patent, Adidas is thus liable for infringement of the '365

Patent pursuant to 35 U.S.C. § 271(a).

59.     On information and belief, America First has been and now is directly infringing the '365 Patent in this judicial district, and elsewhere in the United States. Infringements by America First include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, a method and system for creating and providing customized branded merchandise over a computer network, including at least the www.americafirst.com website, infringing one or more claims of the '365 Patent.  Upon information and belief, America First maintains its website for direct customer use to enable them to create customized, branded merchandise, such as credit cards.  By making, using, importing, offering for sale, and/or selling its customized and branded credit cards created through its website, and all like systems and methods that are covered by one or more claims of the '365 patent, America First is thus liable for infringement of the '365 Patent pursuant to 35 U.S.C. § 271(a).

60.     On information and belief, BBVA USA, Compass Bank and BBVA Group (collectively "BBVA") have been and now are directly infringing the '365 Patent in this judicial district, and elsewhere in the United States.  Infringements by BBVA include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, a method and system for creating and providing customized branded merchandise over a computer network, including at least the www.bbvacompass.com website, infringing one or more claims of the '365 Patent. Upon information and belief, BBVA maintains its website for direct customer use to enable them to created customized, branded merchandise, such as check cards.  By making, using, importing, offering for sale, and/or selling its customized and branded check cards created through its website, and all like systems and methods that are

covered by one or more claims of the '365 patent, BBVA is thus liable for infringement of the '365 Patent pursuant to 35 U.S.C. § 271(a).

61.     On information and belief, BMW AG, BMW Bank and BMW Financial (collectively "BMW") have been and now are directly infringing the '365 Patent in this judicial district, and elsewhere in the United States.  Infringements by BMW include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, a method and system for creating and providing customized branded merchandise over a computer network, including at least the www.4myminicard.com website, infringing one or more claims of the '365 Patent. Upon information and belief, BMW maintains its website for direct customer use to enable them to create customized, branded merchandise, such as credit cards.  By making, using, importing, offering for sale, and/or selling its customized and branded credit cards created through its website, and all like systems and methods that are covered by one or more claims of the '365 patent, BMW is thus liable for infringement of the '365 Patent pursuant to 35 U.S.C. § 271(a).

62.     On information and belief, Capital One Financial Corporation, Capital One NA, and Capital One Services (collectively "Capital One") have been and now are directly infringing the '365 Patent in this judicial district, and elsewhere in the United States.  Infringements by Capital One include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, a method and system for creating and providing customized branded merchandise over a computer network, including at least the www.cardlabconnect.com website, infringing one or more claims of the '365 Patent.   Upon information and belief, Capital One

maintains its website for direct customer use to enable them to create customized, branded merchandise, such as credit cards.  By making, using, importing, offering for sale, and/or selling its customized and branded credit cards created through its website, and all like systems and methods that are covered by one or more claims of the '365 patent, Capital One is thus liable for infringement of the '365 Patent pursuant to 35 U.S.C. § 271(a).

63. On information and belief, CardLab has been and now is directly infringing the '365 Patent in this judicial district, and elsewhere in the United States. Infringements by CardLab include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, a method and system for creating and providing customized branded merchandise over a computer network, including at least the www.giftcardlab.com website, infringing one or more claims of the '365 Patent.  Upon information and belief, CardLab maintains its website for direct customer use to enable them to create customized, branded merchandise, such as gift cards.  By making, using, importing, offering for sale, and/or selling its customized and branded gift cards created through its website, and all like systems and methods that are covered by one or more claims of the '365 patent, CardLab is thus liable for infringement of the '365 Patent pursuant to 35 U.S.C. § 271(a).

64. On information and belief, Discover has been and now is directly infringing the '365 Patent in this judicial district, and elsewhere in the United States. Infringements by Discover include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, a method and system for creating and providing customized branded merchandise over a computer

network, including at least the www.discovercard.com website, infringing one or more claims of the '365 Patent.  Upon information and belief, Discover maintains its website for direct customer use to enable them to create customized, branded merchandise, such as credit cards.  By making, using, importing, offering for sale, and/or selling its customized and branded credit cards created through its website, and all like systems and methods that are covered by one or more claims of the '365 patent, Discover is thus liable for infringement of the '365 Patent pursuant to 35 U.S.C. § 271(a).

65.    On information and belief, Hallmark has been and now is directly infringing the '365 Patent in this judicial district, and elsewhere in the United States. Infringements by Hallmark include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, a method and system for creating and providing customized branded merchandise over a computer network, including at least the www.hallmark.com website, infringing one or more claims of the '365 Patent.  Upon information and belief, Hallmark maintains its website for direct customer use to enable them to create customized, branded merchandise, such as greeting cards.  By making, using, importing, offering for sale, and/or selling its customized and branded greeting cards created through its website, and all like systems and methods that are covered by one or more claims of the '365 patent, Hallmark is thus liable for infringement of the '365 Patent pursuant to 35 U.S.C. § 271(a).

66.    On information and belief, Mars has been and now is directly infringing the '365 Patent in this judicial district, and elsewhere in the United States.  Infringements by Mars include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, a method and system

for creating and providing customized branded merchandise over a computer network, including at least the www.mymms.com website, infringing one or more claims of the '365 Patent.  Upon information and belief, Mars maintains its website for direct customer use to enable them to create customized, branded merchandise, such as M&M's.  By making, using, importing, offering for sale, and/or selling its customized and branded M&M's created through its website, and all like systems and methods that are covered by one or more claims of the '365 patent, Mars is thus liable for infringement of the '365 Patent pursuant to 35 U.S.C. § 271(a).

67.     On information and belief, Nike has been and now is directly infringing the '365 Patent in this judicial district, and elsewhere in the United States.  Infringements by Nike include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, a method and system for creating and providing customized branded merchandise over a computer network, including at least the www.nikeid.nike.com website, infringing one or more claims of the '365 Patent.  Upon information and belief, Nike maintains its website for direct customer use to enable them to create customized, branded merchandise, such as shoes.  By making, using, importing, offering for sale, and/or selling its customized and branded shoes created through its website, and all like systems and methods that are covered by one or more claims of the '365 patent, Nike is thus liable for infringement of the '365 Patent pursuant to 35 U.S.C. § 271(a).

68.     On information and belief, Oakley has been and now is directly infringing of the '365 Patent in this judicial district, and elsewhere in the United States.  Infringements by Oakley include, without limitation, making, using, offering for sale,

and/or selling within the United States, and/or importing into the United States, a method and system for creating and providing customized branded merchandise over a computer network, including at least the www.oakley.com website, infringing one or more claims of the '365 Patent.  Upon information and belief, Oakley maintains its website for direct customer use to enable them to create customized, branded merchandise, such as sunglasses.  By making, using, importing, offering for sale, and/or selling its customized and branded sunglasses created through its website, and all like systems and methods that are covered by one or more claims of the '365 patent, Oakley is thus liable for infringement of the '365 Patent pursuant to 35 U.S.C. § 271(a).

69.    On information and belief, PAYjr and CardLab (collectively "PAYjr") have been and now are directly infringing the '365 Patent in this judicial district, and elsewhere in the United States.  Infringements by PAYjr include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, a method and system for creating and providing customized branded merchandise over a computer network, including at least the www.payjr.com website and the www.buxx.com website, infringing one or more claims of the '365 Patent.  Upon information and belief, PAYjr maintains its websites for direct customer use to enable them to create customized, branded merchandise, such as debit cards.  By making, using, importing, offering for sale, and/or selling its customized and branded debit cards created through its websites, and all like systems and methods that are covered by one or more claims of the '365 patent, PAYjr is thus liable for infringement of the '365 Patent pursuant to 35 U.S.C. § 271(a).

70.     On information and belief, Ralph Lauren and Polo have been and now are directly infringing the '365 Patent in this judicial district, and elsewhere in the United States.  Infringements by Ralph Lauren and Polo include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, a method and system for creating and providing customized branded merchandise over a computer network, including at least the www.ralphlauren.com website, infringing one or more claims of the '365 Patent.  Upon information and belief, Ralph Lauren and Polo maintain their website for direct customer use to enable them to create customized, branded merchandise, such as polo shirts.  By making, using, importing, offering for sale, and/or selling its customized and branded polo shirts created through its website, and all like systems and methods that are covered by one or more claims of the '365 patent, Ralph Lauren and Polo are thus liable for infringement of the '365 Patent pursuant to 35 U.S.C. § 271(a).

71.     On information and belief, Reebok and Adidas AG (Collectively "Reebok") have been and now are directly infringing the '365 Patent in this judicial district, and elsewhere in the United States.  Infringements by Reebok include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, a method and system for creating and providing customized branded merchandise over a computer network, including at least the www.reebok.com website, infringing one or more claims of the '365 Patent.  Upon information and belief, Reebok maintains its website for direct customer use to enable them to create customized, branded merchandise, such as shoes.  By making, using, importing, offering for sale, and/or selling its customized and branded shoes created

through its website, and all like systems and methods that are covered by one or more claims of the '365 patent, Reebok is thus liable for infringement of the '365 Patent pursuant to 35 U.S.C. § 271(a).

72.     On information and belief, Serverside is contributing to the infringement by others of the '365 Patent in this judicial district, and elsewhere in the United States.  It is alleged that Serverside has contributed to the infringement of the '365 Patent by making, using, offering for sale and selling software to its customers that is specially adapted for making customized and branded credit cards.  Upon information and belief, Serverside offers its products and services through its www.ssgl.com website.   Further, Serverside sells its software to makers of customized and branded credit cards knowing that the software is especially made or especially adapted using a method that infringes the '365 Patent, and which does not have a substantial non-infringing use.  By making, using, importing, offering for sale, and/or selling its software that assists in the making of customized and branded credit cards that are covered by one or more claims of the '365 patent, Serverside is thus liable for infringement of the '365 Patent pursuant to 35 U.S.C. § 271(c).

73.     On information and belief, Shoreline is contributing to the infringement by others of the '365 Patent in this judicial district, and elsewhere in the United States.  It is alleged that Shoreline has contributed to the infringement of the '365 Patent by making, using, offering for sale and selling software to its customers that is specially adapted for making customized and branded credit cards.  Upon information and belief, Shoreline offers its products and services through its www.shoreline-solutions.com website. Further, Shoreline sells its software to makers of customized and branded credit cards

knowing that the software is especially made or especially adapted using a method that infringes the '365 Patent, and which does not have a substantial non-infringing use.  By making, using, importing, offering for sale, and/or selling its software that assists in the making of customized and branded credit cards that are covered by one or more claims of the '365 patent, Shoreline is thus liable for infringement of the '365 Patent pursuant to 35 U.S.C. § 271(c).

74.     On information and belief, Sole Technology has been and now is directly infringing the '365 Patent in this judicial district, and elsewhere in the United States.  Infringements by Sole Technology include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, a method and system for creating and providing customized branded merchandise over a computer network, including at least the www.etnies.com website, infringing one or more claims of the '365 Patent.  Upon information and belief, Sole Technology maintains its website for direct customer use to enable them to create customized, branded merchandise, such as shoes.  By making, using, importing, offering for sale, and/or selling its customized and branded shoes created through its website, and all like systems and methods that are covered by one or more claims of the '365 patent, Sole Technology is thus liable for infringement of the '365 Patent pursuant to 35 U.S.C. § 271(a).

75.     On information and belief, Topps has been and now is directly infringing the '365 Patent in this judicial district, and elsewhere in the United States.  Infringements by Topps include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, a method and system for creating and providing customized branded merchandise over a computer network,

including at least the www.topps.mytradingcards.com website, infringing one or more claims of the '365 Patent. Upon information and belief, Topps maintains its website for direct customer use to enable them to create customized, branded merchandise, such as trading cards. By making, using, importing, offering for sale, and/or selling its customized and branded trading cards created through its website, and all like systems and methods that are covered by one or more claims of the '365 patent, Topps is thus liable for infringement of the '365 Patent pursuant to 35 U.S.C. § 271(a).

76. On information and belief, Wescom has been and now is directly infringing the '365 Patent in this judicial district, and elsewhere in the United States. Infringements by Wescom include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, a method and system for creating and providing customized branded merchandise over a computer network, including at least the www.wescom.org website, infringing one or more claims of the '365 Patent. Upon information and belief, Wescom maintains its website for direct customer use to enable them to create customized, branded merchandise, such as credit cards. By making, using, importing, offering for sale, and/or selling its customized and branded credit cards created through its website, and all like systems and methods that are covered by one or more claims of the '365 patent, Wescom is thus liable for infringement of the '365 Patent pursuant to 35 U.S.C. § 271(a).

77. On information and belief, Zions Bancorporation and Zions Bank (Collectively "Zions") have been and now are directly infringing the '365 Patent in this judicial district, and elsewhere in the United States. Infringements by Zions include, without limitation, making, using, offering for sale, and/or selling within the United

States, and/or importing into the United States, a method and system for creating and providing customized branded merchandise over a computer network, including at least the www.zionsbank.com website, infringing one or more claims of the '365 Patent. Upon information and belief, Zions maintains its website for direct customer use to enable them to create customized, branded merchandise, such as credit cards. By making, using, importing, offering for sale, and/or selling its customized and branded credit cards created through its website, and all like systems and methods that are covered by one or more claims of the '365 patent, Zions is thus liable for infringement of the '365 Patent pursuant to 35 U.S.C. § 271(a).

## PRAYER FOR RELIEF

 WHEREFORE, Plaintiff respectfully requests that this court enter:

78.     A judgment in favor of Plaintiff that Defendants have directly infringed the '677 Patent;

79.     A permanent injunction enjoining Defendants and their officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in concert therewith from infringement, including the infringement of, or contributing to the infringement of the '677 patent;

80.     A judgment and order requiring the Defendants to pay Plaintiff its damages, costs, expenses, and prejudgment and post-judgment interest for Defendants' infringement of the '677 patent as provided under 35 U.S.C. § 284;

81.     A judgment in favor of Plaintiff that Defendants have directly infringed the '365 Patent;

82.     A permanent injunction enjoining Defendants and their officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in concert therewith from infringement, including the infringement of, or contributing to the infringement of the '365 patent.

83.     A judgment and order requiring the Defendants to pay Plaintiff its damages, costs, expenses, and prejudgment and post-judgment interest for Defendants' infringement of the '365 patent as provided under 35 U.S.C. § 284;

84.     A judgment and order finding that this is an exceptional case within the meaning of U.S.C. § 285 and awarding to Plaintiff its reasonable attorneys' fees; and

85.     Any and all other relief to which Plaintiff may show itself to be entitled.

## DEMAND FOR JURY TRIAL

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

August 12, 2010                                        Respectfully Submitted,

By:  /s/ Andrew W. Spangler

Andrew W. Spangler
Texas State Bar No. 24041960
Spangler Law, PC
208 N Green St., #300
Longview, TX 75601-7312
Telephone: (903) 753-9300
spangler@spanglerlawpc.com

Gregory P. Love
Texas State Bar No. 24013060
Scott E. Stevens
Texas State Bar No. 00792024
Darrell G. Dotson
Texas State Bar No. 24002010
Todd Y. Brandt
Texas State Bar No. 24027051

33

STVENS LOVE
P.O. Box 3427
Longview, Texas 75606
Telephone: (903) 753-6760
Facsimile: (903)753-6761
greg@stevenslove.com
scott@stevenslove.com
darrell@stevenslove.com
todd@stevenslove.com

Attorneys for Quark Images LLC